**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **Herbert Ellett, and Tona Ellett,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:13-cv-1360** |
| | ) | |
| **MiraMed Revenue Group, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | _____ |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8.  The Plaintiff resides in this Judicial District.

9.  The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiffs, Herbert Ellett and Tona Ellett, are natural persons.

11. The Plaintiffs are "consumers" as that term is defined by § 1692a.

12. The Plaintiffs are "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, MiraMed Revenue Group, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 991 Oak Creek Drive, Lombard, IL 60148.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiffs incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiffs went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiffs dispute the debt.

22. The Plaintiffs request that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiffs retained John Steinkamp & Associates for legal representation regarding the Plaintiffs' debts.

26. On June 13, 2013, the Plaintiffs filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 13-06304-JMC-7. *See Notice of Chapter 7 Bankruptcy attached hereto as Exhibit "2"*.

27. The Bankruptcy Noticing Center sends notification to organizations that are listed on the Plaintiff's bankruptcy petition.

28. The Bankruptcy Noticing Center sends electronic notice to those organizations that have signed up for that service.  The Defendant is one such entity.

29. On June 14, 2013, the Bankruptcy Noticing Center sent electronic notice to the Defendant that the Plaintiffs had filed bankruptcy. *See Exhibit "2" attached hereto*.

30. The Notice sent by the Bankruptcy Noticing Center contained the following language, "**Creditors May Not Take Certain Actions**....the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor...If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." (emphasis in original). *See Exhibit "2" attached hereto*.

31. Despite this notice, on or about June 26, 2013, the Defendant contacted Plaintiff Herbert Ellett in an attempt to collect a debt included in the Plaintiffs' bankruptcy, and left a voicemail message. *See Exhibit "3" attached hereto*.

32. On or about June 26, 2013, Plaintiff Tona Ellett returned the Defendant's call, and provided it with notice of the bankruptcy and the Plaintiffs' legal representation. *See Exhibit "3" attached hereto*.

33. Shortly after Plaintiff Tona Ellett provided the Defendant with said information, the call was dropped. *See Exhibit "3" attached hereto*.

34. Plaintiff Tona Ellett contacted the Defendant once again on June 26, 2013, to make sure it had indeed received the information.  Plaintiff Tona Ellett was informed that the Defendant "did not have this account anymore". *See Exhibit "3" attached hereto*.

35. Despite no longer having the account, in addition to having received notice of Plaintiffs' bankruptcy and legal representation, the Defendant contacted Plaintiff Herbert Ellett again on July 1, 2013. *See Exhibit "4" attached hereto*.

36. The Defendant therefore violated the automatic stay of the Bankruptcy Court in its attempt to collect a debt from the Plaintiffs.

37. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 37 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692c by continuing to contact the Plaintiffs directly in an attempt to collect a debt, despite notice of legal representation and bankruptcy.

3 The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact the Plaintiffs after being notified of legal representation and bankruptcy.

4 The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by contacting the Plaintiff in an attempt to collect a debt despite notice of legal representation and bankruptcy.

5 The Defendant misrepresented that it was able to continue to contact the Plaintiff directly to attempt to collect a debt, even though it had been informed of legal representation and bankruptcy, which constitutes a violation of 15 U.S.C. § 1692e.

6 The Defendant misrepresented to the Plaintiffs that it no longer was attempting to collect a debt yet contacted the Plaintiffs in an attempt to collect that very debt, which constitutes a violation of 15 U.S.C. § 1692e.

7 The Defendant misrepresented the legal status of the debt to the Plaintiffs pursuant to 15 U.S.C. § 1692e, when it contacted the Plaintiffs in attempts to collect a debt despite receiving notification from the Bankruptcy Court that it was unable to do so.

8 The Defendant violated the automatic stay of the Bankruptcy Court, which constitutes a violation of 15 U.S.C. § 1692e.

9 The Defendant violated the automatic stay of the Bankruptcy Court, which constitutes a violation of 15 U.S.C. § 1692d.

10 The Defendant violation the automatic stay of the Bankruptcy Court, which constitutes a violation of 15 U.S.C. § 1692f.

11 As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com